*Eastern District*
*December*, 1829.

KIMBAL
*vs.*
BLANC & AL.

---

### DUGAT *vs.* BABIN & ALS.

APPEAL from the court of the second dis-
trict, the judge of the eighth presiding.

PORTER, J. delivered the opinion of the
court. The plaintiff claimed and obtained

Separate judg-
ments do not au-
thorise a joint ex-
ecution.

A sheriff can-
not make a new
levy under a writ,
the return day of

DUGAT
*vs.*
BABIN.

which has expired.
Whether the sheriff who has been enjoined from proceeding on an execution, may not, after the injunction is dissolved, proceed to sell.
*Quere?*

an injunction against the execution of several writs of *fieri facias*, which had been placed in the hands of the sheriff, at the suit of the defendants. On a hearing, this injunction was made perpetual, and the defendants appealed.

There were four writs of execution, and as to two of them, the judgment of the inferior court was clearly correct. They appear to have issued jointly against the plaintiff and one Michael Bergeron, to satisfy, as the writs recite, certain judgments obtained against them. On reference to these judgments, they appear to have been rendered separately, in separate suits against Dugat, and Bergeron. They consequently did not authorise a joint execution against both.

In relation to the other and remaining writs, there exists, as far as we can discover, no other objection, except that the return day had expired, when they came into the officer's hands. The facts on record show the writs to bear date the 18th November, 1826, and to have been delivered to the sheriff the same day. In virtue of them, he levied on the property of the plaintiff the 20th of that month, and advertised the sale to take place on the

22d day of December. But on the morning of that day, proceedings were stayed by an injunction, whereupon, the sheriff returned the writs into the clerk's office, where they remained until the injunction was dissolved. On its dissolution, the defendants took the same writs out of the clerk's office, and placed them a second time in the hands of the sheriff, who levied again under them.

It has been decided by this court, that a sheriff who makes a levy, before the return day of the writ, may proceed and sell afterwards. It is attempted here to carry this doctrine still further, and sanction a new levy, made after the force and effect of the execution had expired. We can find no authority which goes so far, and there is nothing in the reason or convenience of the thing, which requires us to so extend it. The party may as well commence *de novo* under a new writ, as the old one.

The authority of the code of practice, *art.* 700, has been relied on as sanctioning the course pursued in this instance. On an examination, we find it does nothing more than declare, that so long as the injunction continues, the limitation for making a return, does

VOL. VIII. (N. S.)     50

not affect the writ enjoined. We are unable to say, from this enactment, that it was the intention of the legislature to confer a power on the sheriff to make a new levy, though the return day of the writ had expired. Whether he might not have proceeded to sell the property originally seized by him, this case does not require us to decide, though the authority to do even that, is doubtful, and there would be great difficulty in such a case, in ascertaining whether he should advertise it for the length of time prescribed by law for the different species of property, or only for the number of days that preceded the day fixed for sale, at the time the injunction was served. The old rule, that the writ conferred no power after its return day, except to sell where a levy had been previously made, was clear in itself, and convenient in practice. We cannot, on the expression used in the code of practice, introduce a doctrine, from which we perceive great embarrassment and confusion must arise, though, as in most other changes and novelties, it is probable we do not see all the inconvenience to which they would lead.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Ripley & Conrad* for plaintiffs.