Hon. J. G. TALIAFERRO,
Hon. R. K. HOWELL,
Hon. W. G. WYLY,
Hon. W. W. HOWE,
} *Associate Justices.*

21 505
44 49
44 422
21 505
49 181

---

No. 57.—ELEANOR A. WOODS et al. *v.* HILLIARD H. LEE et. als.

Where a court has jurisdiction its decree will protect the purchaser at probate sale from all informalities which may have preceded it, in the absence of any charge or proof of fraud.

The indorsement on the back of an order of sale by the administrator who makes the sale is admissible in evidence on the trial of a suit to annul the sale. The objection that its genuineness is not proved goes to the effect.

Five years possession of property purchased at probate sale will protect the purchaser against all irregularities and informalities which have been committed by the administrator after the date of the order of sale. Revised Statutes, page 22, § 4.

APPEAL from the District Court, parish of DeSoto. *Cresswell, J. B. L. Hodge,* for plaintiffs and appellants. *J. B. Elam,* for defendants and appellees.

HOWELL, J. This is an action by the heirs of Ezer E. Woods to annul the probate sale of a tract of land in the parish of De Soto made on the twenty-eighth February, 1851, to one Joseph D. Lee, from whom the defendants acquired, on the following grounds:

*First*—The order of sale is insufficient and void because the clerk had no authority to make it, and because petitioners, who are the

64

forced heirs of the deceased, were not notified of the application for said order. It is insufficient and void because the day fixed for the sale did not admit of the legal delay required for advertising and was not notified to petitioners.

*Second*—The said sale was made without any previous notice or citation to petitioners of the application or order therefor.

*Third*—Said sale was made without the advertisements or notices required by law.

*Fourth*—The said sale was made on a day different from that mentioned in the order.

*Fifth*—None of the requirements of law were complied with and said sale was intended to defraud petitioners of their just rights.

*Sixth*—Said sale was made on a different day from that appointed in the commission to sell.

*Seventh*—Said sale was made by a person not authorized by the commission or law to sell said property.

*Eighth*—The terms and conditions of said sale were not in accordance with law.

*Ninth*—There was no necessity for the sale of said property.

In a supplemental petition the following additional grounds are set out:

*Tenth*—That the pretended sale was made on a day different from that on which it had been advertised to be made.

*Eleventh*—That the said land was not bid off by, or adjudicated to the said Joseph D. Lee, as was falsely represented by the act of sale made to him by F. A. Woods, administrator, and by which petitioners were deceived; but Joseph D. Elam, who was then and there acting as the attorney at law and agent in fact of the administrator, bid off said land and afterwards had the title made by said Woods to said Joseph D. Lee; that said Joseph D. Lee paid several hundred dollars to the said Elam, as aforesaid, in order to have the title so made—the said Lee well knowing that said sale was illegal, had declined to bid for said land, although he was present at the said pretended sale.

*Twelfth*—That said land was sold or pretended to be sold for greatly less than its value, and that by said sale petitioners have sustained damage to the amount of $25,000; that it was sold for less than its value, as it was sold on long terms of credit without interest on the price.

The defendants, after pleading the general issue, averred that they acquired title at the probate sale of their ancestor, Joseph D. Lee, who acquired at the succession sale of Ezer E. Woods, deceased, made by F. A. Woods, his administrator, on the twenty-eighth of February, 1851; that the sale was made in pursuance of a decree of the District Court of the parish of DeSoto, and a commission issued thereon, and that they are protected by said decree against all antece-

dent nullities and illegalities set up in the petition; that as to the informalities and irregularities alleged to have been committed by the administrator subsequent to the decree they are prohibited by the prescription of five years, which they specially plead; that if the sale was made on a day other than that mentioned in the order or commission, it was because it was necessary, as the sale could not be completed in one day, but was commenced on the day mentioned in the advertisement and continued from day to day until all the property could be sold; they deny that J. B. Elam was the agent of the administrator and aver that if the land was adjudicated to him and he permitted the title to be made to J. D. Lee, there was nothing illegal in it, and plaintiffs were not and could not be injured by it.

On these issues the parties went to trial, and judgment having been rendered sustaining the defense, the plaintiffs appealed.

We find in the record two bills of exceptions taken by the plaintiffs. The first was to the rejection of evidence offered to establish the alleged informalities and irregularities anterior to the decree ordering the sale.

This ruling is fully sustained by that in the succession of John Gurney, 14 A. 622, where it was held that where the court has jurisdiction, its decree protects the purchaser, in the absence of any charge or proof of fraud, and the bill of exceptions does not disclose any purpose of establishing fraud by the evidence offered and rejected. See also 13 L. 431; 11 L. 156.

The order of sale in this case was made by the clerk who was specially authorized thereto by the act of 1850, page 100, and it had the same effect as if made by the judge. See 12 A. 612 and constitution of 1845, article 79.

The second bill was taken to the admission, as evidence, of the indorsement upon the back of the commission to sell, to which the plaintiffs objected because there was no proof of its genuineness or of the correctness of its contents, but it is merely a statement made by a party not under oath; and because it cannot be true if the advertisement was made under the commission, as it states that the commission was received on the twenty-sixth February, which was the day for the sale according to the advertisement. The ruling of the judge was correct that these objections go to the effect rather than the admissibility of the evidence, and that the writing was contemporaneous, at a time unsuspicious, and was the act of an officer of the court.

This return states that the sale was commenced on the twenty-sixth day of February, the day named in the advertisement, and the only evidence to the contrary is the testimony of Womack, who was employed by the administrator to cry the bids and who is too vague and uncertain in his recollection and statements on the trial, in December, 1859, to overcome the written return of the administrator made at the time of the sale, in February, 1851—a period of over eight years. The advertisements were made during the time required, and

the statement in the return of the date on which the commission was received, is fully explained.

There is no evidence to establish fraud in the parties as charged, or to implicate the administrator in an effort to control the adjudication through the instrumentality of an agent. J. B. Elam was the counsel but not attorney in fact of the administrator, and we can see nothing illegal or improper.in his conduct on the occasion, and nothing that has caused or tended to cause any injury to the plaintiffs. The adjudication to Elam, as made, divested the title of the succession (C. C. 2586; 13 L. 289; 19 L. 237; 8 R. 454), and his consent is presumed to the substitution of another purchaser. It is not shown that the property was sold greatly below its value. The prescription of five years must protect the purchaser from all other irregularities and informalities alleged to have been committed by the administrator after the date of the order of sale. See act of 1834, re-enacted in 1855 (Revised Statutes, p. 22, § 4). He had in the order of the court legal authority to make the sale. The property was sold at the sale so ordered and advertised, and to a party legally capable of purchasing. All mere irregularities and informalities in the execution of the decree or order of sale are cured by the above statute. 14 A. 598; 10 R. 396; 4 R. 26, 201.

A careful examination of the record satisfies us that the defendants are within the equitable rule of our jurisprudence, that "bona fide purchasers, who have paid their money upon the faith of judicial proceedings, and have remained in possession for years, are not to be turned out on account of mere informalities at the instance of a party who shows no injury." 3 A. 564; 6 A. 61, 581; 8 A. 503; 12 A. 271; 14 A. 622.

It is therefore ordered that the judgment of the District Court be affirmed with costs.