## No. 190.—PASIANA et al. *v.* POWELL.

All informalities that occur in connection with the probate proceedings for the sale of land, are prescribed by the lapse of five years from the date of the sale. Revised Statutes, 1856, page 22, § 4.

APPEAL from the Tenth Judicial District Court, parish of Bossier. *Weems, J. Nutt & Leonard*, for plaintiffs and appellees, *George Williamson*, for defendant and appellant.

TALIAFERRO, J. The plaintiff Marie Yasan Pasiana, widow of Jean Pierre Schlettre, in her own right and as tutrix of her minor children, heirs of the said Schlettre, joined by his major heirs, bring this suit to recover a tract of land which she alleges is in the possession of the defendant Eliza Powell, who illegally detains it from the plaintiffs, who allege that they are the lawful owners. They pray judgment accordingly, and for fruits and revenues,

The defendant enters a general denial. She avers that she is the true and lawful owner by title derived through her late husband, William A. Powell, by a probate sale under and by virtue of an order of sale rendered by the Court of Probates of the parish of Bossier. She prays also in case of eviction that she have judgment for one thousand dollars, the price paid by her husband for the land with reservation of the right to recover for improvements, etc. Judgment was rendered in favor of the plaintiffs, decreeing them to be the owners of the land, annulling the pretended sale under which defendant claims, dismissing the defendant's claim for fruits and revenues as of nonsuit, and ordering a writ of possession to issue in favor of plaintiffs.

From this judgment the defendant appeals.

The records of the parish of Bossier seem to have been thoroughly examined in order to procure all the proceedings had in relation to the probate sale of the land in question, and they appear *in extenso* in the record. By these documents it appears that one Scarborough filed a petition in the clerk's office of that parish on the twenty-seventh of October, 1853, setting forth that Jean Pierre Schlettre had died in that parish in the preceding April; that his estate was in debt; that an administration was necessary, and representing himself as "a party interested," prayed to be appointed administrator, and that an inventory be made. This application was followed up by the usual proceedings, in apparently regular order, to the time of the order of sale, which was rendered on the twenty-second of December, 1853. The plaintiffs allege fraud and collusion between the administrator and the purchaser of the property.

There is no evidence that sustains the allegation. The sale was made on the seventh of September, 1854, and this suit was filed twenty-seventh March, 1860, more than five years having intervened. The defendant opposes to plaintiffs' claim the prescription of five years against the informalities alleged by plaintiffs to appear in the proceedings taken in connection with the sale of the land in controversy. The plea of prescription we think must prevail. See Revised Statutes, page 22, section 4.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed.

It is further ordered that judgment be rendered in favor of the defendant, quieting her in the ownership and possession of the land claimed by plaintiffs; and it is further ordered that plaintiffs and appellees pay costs in both courts.

---

## On Application for Rehearing.

Purchasers need not look beyond the decree of the court, if the facts necessary to give the court jurisdiction appear on the face of the proceedings. 13 L. R. 431.

The rehearing is refused.