(49 South. 271.)

No. 17,514.

MULLINS v. HANNEMAN.

In re MULLINS.

(April 26, 1909.)

1. EXECUTION (§ 171*)—RESTRAINING SALE OF PROPERTY CONFUSEDLY WITH ANOTHER'S—EXECUTORY PROCESS.

Any feature in the proceedings for a judicial sale which will cause injury by deterring competition and bringing about insoluble complications is ground for injunction; and hence, where a vendor instituting executory process on a purchase note remaining unpaid seized and advertised for sale the land sold the vendee, together with a tract sold to another, the vendee could have the sale enjoined, since as the sale would have been void as to both tracts taken separately because of the want of fixed separate prices, and as to the tract not belonging to the vendee, as a sale of property of a third person, competition would have been prevented as no one would care to bid at such a sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497, 512; Dec. Dig. § 171.*]

2. EXECUTION (§ 171*)—RESTRAINING SALE OF PROPERTY CONFUSEDLY WITH ANOTHER'S.

The vendee could not be required to receive the entire surplus from sale of the two properties as if belonging to him, since no one can be compelled to receive money as his own which he knows is not his own, especially as he might be put to the expense of arbitration or litigation in case the third person and he could not agree as to the amount belonging to the third person.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497, 512; Dec. Dig. § 171.*]

3. EXECUTION (§ 171*) — RESTRAINING SALE OF PROPERTY CONFUSEDLY WITH ANOTHER'S.

The vendee could not have cured the nullity and rectified the situation by filing a waiver of the irregularity, as he could not have waived the irregularity as to the land not belonging to him and the sale would have still been void as to the whole, since a judicial sale of property in globo cannot be valid for part and null for part; there not being in such a case a fixed price for either of the parts separately.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497, 512; Dec. Dig. § 171.*]

Action by Edward Mullins against August Hanneman. Defendant had judgment dissolving an injunction, which was affirmed by the Court of Appeal, and plaintiff applies for certiorari or writ of review to the Court of Appeal. Judgments of the Court of Appeal and district court set aside, and injunction perpetuated.

John B. Files, for applicant. Blanchard, Barret & Smith, for respondent.

PROVOSTY, J. Plaintiff and relator bought 60 acres of land from defendant. In payment he gave $250 cash and his two notes of $250 each, due in one and two years, secured by vendor's privilege and special mortgage on the property. He paid the first note at

maturity. Shortly afterwards he discovered that, before the sale to him, his vendor had sold six acres of the land to another person. He then brought suit to have the sale to him set aside and the price returned. The court set aside the sale as to the six acres, and condemned defendant, the vendor, to return to plaintiff, the vendee, a proportionate part of the price. The amount thus ordered to be reimbursed was duly paid and accepted. Thereafter defendant, the vendor, instituted executory process on the one note remaining unpaid. Instead, however, of seizing and advertizing for sale only that part of the 60 acres remaining to plaintiff, he seized and advertized for sale the entire 60 acres. That is to say, he seized and advertized for sale plaintiff's property confusedly with that of others. Plaintiff and relator enjoined the sale, and the district court dissolved his injunction, and the Court of Appeal for the Second District affirmed the judgment. The matter is now before this court on writ of review.

The relator was entitled to an injunction against the sale of his property confusedly with that of another. That mode of proceeding was grossly irregular, and the irregularity was of a nature to cause injury by deterring competition and bringing about insoluble complications; and we need hardly say that any feature in the proceedings for a judicial sale which will have such an effect will furnish good ground for injunction.

Competition would have been prevented because no one cares to bid at a sale which will be null and convey no title. The sale would have been null as to the part of the property not belonging to relator as being the sale of the property of another; and it would have been null as to each of the two parts of the property taken separately for want of a fixed price. There would have been a fixed price for the property as a whole, but not for each of the two parts separately.

The complications alluded to are those which would have resulted from its not being possible to know what proportion of the price of the property as a whole represented the price of any one of the two parts. As a consequence relator would not have known how much of his debt had been satisfied by his own property; or, if there was a surplus, how much of this surplus he was entitled to receive. Nor will it do to say that he could have received the entire surplus as if belonging in its entirety to him, for no one can legally be put in the position of having to receive money as his own which he knows is not his own; and, moreover, if he received it, he would have to restore it sooner or later, and for making this restoration he would have to undergo the trouble and expense of an arbitration or of a lawsuit in case he and the person entitled to demand the restoration could not come to an agreement as to what amount had to be restored.

It is no answer to say that the relator could have cured the nullity and rectified the situation by filing a waiver of the irregularity. He could not have done this as to the part not belonging to him, and the sale would still have been null as to this other part, and, as a consequence, null as to the whole, since a sale of property in globo cannot be valid for part and null for part; there not being in such a case a fixed price for either of the parts separately.

Without undertaking to say whether a defendant in executory process is charged under article 711, Code Prac. and article 2621, Civ. Code, with the obligation of warranty, we will add that, if he is, the relator in the instant case would have been the warrantor for that part of the property not belonging to him, and yet not have known to what extent that part of the property had gone towards satisfying his debt, or what proportion

of the surplus received by him represented the price of that part of the property.

Other complications, not suggesting themselves to us just now, might have resulted from the sale of the property of relator in the manner attempted. It is familiar jurisprudence that a tax debtor may sue to annul the sale of his property made confusedly with that of another, though we mention this only for whatever it may be worth, since the analogy between a tax sale and an ordinary judicial sale is very far from being complete.

The judgments of the Court of Appeal and the district court are set aside, and it is now ordered, adjudged, and decreed that the injunction herein be perpetuated, only in so far, however, as it prohibits the advertisement and sale of the property of the plaintiff in injunction confusedly with that of another person, and that defendants pay all costs.