### NORTON v. WALTON et al.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1923.)

No. 3892.

1. **Execution ⊝⟿188—"Third opposition" defined.**
Under Code Prac. La. art. 395, a "third opposition" is a demand brought by a third person, not originally a party to the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure as it relates to him.

[Ed. Note. —For other definitions, see Words and Phrases, Third Opposition.]

2. **Mortgages ⊝⟿529(10)—Third opposition, claiming only part of property levied on, does not render sale wholly invalid.**
In mortgage foreclosure proceedings against a tract of land as an entirety, where a third opposition prior to the sale set up a claim to an undivided one-half interest only in such land, and did not purport to interfere with the sheriff's seizure and sale as to the other one-half interest, the opposition did not have the effect of annulling the sheriff's sale of the property not claimed by the third opponents; the provision of Code Prac. La. art. 400, that if the opposition be sustained the sale made by the sheriff shall be null, having reference only to the property or interest sought to be withdrawn from the operation of the seizure.

3. **Execution ⊝⟿247—Defendant cannot attack sheriff's sale on ground that his interest was less than sole ownership.**
The defendant, in an action in which an unimpeached and unreversed judgment was rendered, cannot sustain an attack on a sheriff's sale made in pursuance thereof on the ground that his interest in the property ordered to be seized and sold was less than the sole ownership thereof.

4. **Execution ⊝⟿256(2)—Evidence insufficient to show invalidity of sale.**
A finding that a sale under execution was not invalid, because made after payment of the judgment, *held* warranted by the evidence.

5. **Execution ⊝⟿256(2)—Evidence insufficient to show plaintiff's continued possession after sale on execution.**
In proceedings attacking a sheriff's sale under execution, evidence *held* to support the court's finding, as respects the applicability of Civ. Code La. art. 3543, as to five years' possession as curing informalities in public sales, that the plaintiff did not after the sheriff's sale possess as owner the land sued for.

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit at law by Silas Norton against Sallie Walton and others. Judgment for defendants, and plaintiff brings error. Affirmed.

⊝⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. D. Wilkinson and C. H. Lewis, both of Shreveport, La. (Gilmer & Cousin and Wilkinson, Lewis & Wilkinson, all of Shreveport, La., on the brief), for plaintiff in error.

J. H. Tucker, Jr., J. E. Smitherman, and S. L. Herold, all of Shreveport, La. (Blanchard, Goldstein & Walker, Smitherman & Tucker, and Thigpen, Herold & Lee, all of Shreveport, La., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error, Silas Norton (herein called plaintiff), brought this suit in July, 1920, to recover an undivided half interest in a described tract of land in Claiborne parish, La. The claim of the defendants and interveners to the same interest in that land was based on a sheriff's sale in November, 1911, under an execution issued on a judgment rendered in September, 1911, in a suit brought by J. H. Bridgeman against the plaintiff to foreclose a mortgage given by plaintiff which purported to cover the entire fee in that land. After the rendition of that judgment and prior to that sale William and Sallie Haywood instituted a proceeding known in Louisiana law as a third opposition, setting up their claim to an undivided half interest in said land, and praying:

"That there be judgment in favor of petitioners, decreeing them to be the owners of an undivided one-half interest or an undivided one-fourth interest each, and that the same was not liable to seizure and sale under execution in said suit, and setting aside the seizure on same," etc.

In that proceeding a judgment or decree was rendered decreeing the plaintiffs therein "together to be the owners of an undivided one-half interest or each the owner of an undivided one-fourth interest in" said land. In behalf of the plaintiff it is contended that an effect of the last-mentioned judgment was to nullify the above-mentioned sheriff's sale, which was made while the third opposition proceeding was pending.

[1] What is called a third opposition is:

"A demand brought by a third person not originally a party to the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure in what relates to him." Code of Practice of Louisiana, art. 395.

The just-quoted article of the Code of Practice is followed by others · regulating the method of proceeding where the opposition has for its object to set aside the order of seizure, as having been effected on property not belonging to the party against whom the order was directed, but owned by the third person making the opposition, providing for enjoining a sale by the sheriff, upon the third opponent giving prescribed security, and providing (article 400) that:

"If the third person, who has intervened in the suit, has not enjoined the sale of the property of which he claims the ownership, or has failed to furnish the surety required, his opposition shall not prevent the sheriff from selling the property under seizure; but in such case the sheriff shall be personally responsible for all damages which said sale may occasion to the intervening party; and the sheriff shall have his recourse against the party who

has obtained the order of seizure. If the opposition be sustained, the sale made by the sheriff shall be null: Provided, that in all such cases the sheriff may require of the plaintiff an indemnity bond, with sufficient securities, as provided by special laws."

[2] The third opposition in question and the judgment rendered thereon did not purport to interfere with the sheriff's seizure and sale under the execution otherwise than by excluding from the operation thereof the undivided one-half interest in the land levied on which was claimed by the third opponents. The other one-half interest in the land was beyond the scope of that proceeding. The case was one where a stranger to the suit in which the execution was issued asserted a right "to regulate the effect of such seizure in what relates to him." Section 395. Such a third opponent is not given a right to regulate the effect of a seizure in what does not relate to him. We think that it is quite apparent that the provision of article 400, "If the opposition be sustained, the sale made by the sheriff shall be null," has reference only to the property or interest sought by the proceeding to be withdrawn from the operation of the seizure; and that that provision does not give to the sustaining of the opposition the effect of annulling the sheriff's sale of property levied on and not claimed by the third opponents. The decision in the case of Mullins v. Hanneman, 123 La. 643, 49 South. 271, is not opposed to the above-stated conclusion. No question as to the effect of a judgment sustaining a third opposition was involved or dealt with in that case. In that case a mortgage debtor was held to be entitled to an injunction against the sale, under ex parte executory process issued without notice at the instance of the mortgagee, of his (the mortgage debtor's) property together with other property which belonged to, and had been adjudged to belong to, third persons. That injunction was the means adopted to prevent the abuse of executory process issued without citation to the mortgage debtor, and not based on a judgment in the true and legal sense of the term. Harrod v. Voorhies' Administratrix, 16 La. 254.

[3] In the instant case, on the other hand, the sheriff's seizure and sale were in pursuance of a judgment against the plaintiff, which rejected defenses interposed by him, and ordered the entire tract which his mortgage purported to cover to be sold to satisfy the judgment. One who was the defendant in an unimpeached and unreversed judgment cannot sustain an attack on a sheriff's sale made in pursuance thereof on the ground that his interest in the property ordered to be seized and sold was less than the sole ownership thereof. Vinton Oil & Sulphur Co. v. Gray, 135 La. 1050, 1067, 66 South. 357; Jefferson Saw Mill Co. v. Iowa & Louisiana Land Co., 122 La. 983, 990, 48 South. 428.

[4] As to the contention that the sale under execution was invalid because when it was made the judgment had been paid, it is enough to say that the court found that the ground of that contention did not exist in fact, and was warranted by the evidence in so finding.

[5] There was evidence to support the court's finding that the plaintiff did not after the sheriff's sale possess as owner the land sued for. It follows that an assignment of error based on the court's failure to find that plaintiff continued to possess that land as owner until

about the year 1918 is not sustainable. A result of the court's finding as to possession after the sale was that certain informalities therein which were urged were not available against those claiming under such sale, because of the statutory prescription of five years. Civil Code of Louisiana, art. 3543.

Other questions raised are not such as call for discussion. The conclusion is that on no ground urged is the judgment rejecting the plaintiff's demands subject to be reversed. That judgment is

Affirmed.