441 So.2d 808 (1983)
Raymond Artis CALDWELL, et al., Plaintiffs-Appellees,
v.
Clifford SHIPP, et al., Defendants-Appellants.
No. 16070-CA.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1983.
Aylmer M. Wyche, III, Bossier City, for defendants-appellants.
*809 Blanchard, Walker, O'Quin & Roberts by J. Jay Caraway, Shreveport, for plaintiffs-appellees.
Before HALL, MARVIN and FRED W. JONES, JJ.
MARVIN, Judge.
Appellees move to dismiss, as untimely, defendant's devolutive appeal taken on September 7, 1983, from an amended partial summary judgment signed on June 28,1983.
The June 28 order amended the judgment which was originally signed on April 8, 1983, and which contained two decretal parts. The first part of the April 8 judgment declared that a particular contract between the litigants dated September 10, 1970, was a credit sale contract. The second part of that judgment ordered defendants to execute a deed in recordable form to plaintiffs of the described immovable property in Section 22, Township 23 North, Range 12 West. The correct range number is Range 13 West, as the pleadings and instruments in the record clearly reveal. On June 28, plaintiffs sought, ex parte, and obtained the order amending the description of the property in the second decretal part of the April 8 judgment. Compare Jackson v. Brewster, 169 So. 166 (La.App. 2d Cir.1936).
A final judgment may be amended by the trial court at any time, without notice, on its own motion or on motion of any party, "to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation." CCP Art. 1951. Paragraph (e) of the Official Revision Comments states in part that "a contradictory motion is required... to amend judgments giving incorrect description of realty ... Art. 1919... requires that judgments affecting title to immovable property shall describe with particularity the property affected." We are not referred to any case squarely deciding that an amendment to a description of realty in a judgment is an amendment of substance under CCP Arts. 1951, 2089.
When an amendment of the substance of a judgment is made without granting a new trial, the amended judgment has been held to be invalid or null and not within the purview of CCP Art. 1951. See Pringle Associated Mortgage Corp. v. Cox, 234 So.2d 854 (La.App. 1st Cir.1970), and at 258 La. 499, 246 So.2d 841 (1971); and O'Niell v. Sonnier, 195 So.2d 724 (La.App. 1st Cir. 1967).
An amendment within the purview of CCP Art. 1951 does not affect the delays for appealing. CCP Art. 2087. Miciotto v. Cox, 335 So.2d 798 (La.App. 2d Cir.1976). Delays for appeal are affected by an application for, or the granting of, a new trial. CCP Art. 2087.
A trial court may grant a partial motion for a new trial to amend its previous judgment as to substance. Weber v. Bon Marche Pharmacy, Inc., 378 So.2d 520 (La. App. 4th Cir.1979). Such a motion must be filed, however, within the delay specified in CCP Art. 1974, whether by a litigant, or by the court on its own motion under court's discretionary authority to grant a new trial provided in CCP Art. 1973. Langston v. Willis, 177 So.2d 620 (La.App. 4th Cir.1965).
The revision comment that an amendment to a judgment affecting realty must be obtained by contradictory motion obviously is mentioned to analogize such an amendment to a conventional "correction" deed. Singular action by either the vendee or vendor in the original deed may not be sufficient to correct the original deed on the public records. We follow the spirit of the revision comment and hold that after the delay for applying for a new trial has expired, an amendment to correct a misdescription of immovable property in a judgment may be obtained only by contradictory motion, and that any such amendment not so obtained may be attacked or questioned either by timely appeal of the order directing the amendment or by the filing of a direct action in the trial court to declare the order amending the judgment to be a nullity. The delay for appealing the original judgment is not affected by an amendment, obtained ex parte, to correct the description of realty in the original judgment.
*810 Defendants' appeal of the "amended partial summary judgment [signed] on June 28, 1983" is timely insofar as it applies to the "order to amend judgment" that was signed on that date which corrected the description of the realty in the second decretal part of the judgment of April 8,1983.
Defendant's attempt to appeal the first decretal part of the judgment of April 8, which does not describe the realty and which declares that the contract of the parties of September 10,1970, was a credit sale contract, is untimely, because the June 28 order does not alter or otherwise affect the first decretal part of the April 8 judgment.
In summary, the only issue which may be considered on appeal is the validity of the order, obtained ex parte, to correct the description of realty in the original judgment. Since defendants' appeal of September 7, 1983, is timely to the limited extent mentioned, appellee's motion to dismiss the appeal is denied.
HALL, J., concurs in part, dissents in part, and assigns written reasons.
HALL, Judge, concurring in part and dissenting in part.
I concur in the result. Appellants cannot appeal from the original judgment, which became final and definitive prior to the order amending its phraseology and prior to the motion for appeal. Appellants can appeal from the order amending the original judgment, and have done so, but the only issue which the appeal will present is the correctness and validity of the order amending the original judgment.
I dissent, however, from the premature holding of the majority opinion that an amendment to correct a misdescription of immovable property may be obtained only by contradictory motion.
The holding is premature because the only matter before the court at this time on appellee's motion to dismiss is whether the appeal should be dismissed. The majority opinion correctly holds that it should not be, and correctly points out that the only issue which may be considered on appeal is the validity of the order amending the original judgment. It is premature, in ruling on the motion to dismiss, to also rule on the issue which will, in due course, be presented by the appeal, which remains pending. The merit issue on appeal should not be considered or ruled on until the appeal is submitted for decision after briefs have been filed and the appeal is calendared in the regular order of procedure. The issue prematurely resolved has not yet been briefed by counsel for appellee-mover and is not properly before the court for decision.
My dissent is further prompted by serious doubt as to the correctness of the majority holding. A final judgment may be amended by the trial court at any time, without notice, on its own motion or on motion of any party, to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. LSA-C.C.P. Art. 1951. If an order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party. LSA-C.C.P. Art. 963.
The majority opinion correctly states that the pleadings and instruments filed in this case clearly reveal that the correct range number is 13 rather than 12 as appears in the original judgment. Correction of this typographical or clerical error does not change the substance of the judgment and my preliminary view, pending full briefing and argument of the issue by the parties, is that the amendment was properly made by ex parte motion and order.