McCLENDON, Judge Pro Tempore.
When this appeal came to the attention of another panel of this court on a motion to dismiss the appeal, the majority found that the judgment appealed contained two decretal parts. It held as to the first decre-tal part that the appeal was not timely; as to the second part, which had been amended after the delays for appeal had passed, the appeal would be considered; and that the only issue to be considered on appeal is the validity of an ex parte order correcting the range number in the description of realty contained in the second decretal part.
In that ruling, 441 So.2d 808, the majority opinion, authored by Judge Marvin, ex *811 pressed its views as to the validity of the amendment. Judge Hall concurred in the result reached by the majority but dissented from what he termed a premature holding that an amendment to correct a misde-scription of immovable property may be obtained only by contradictory motion. His reason was that the only issue before the court at that time was the motion to dismiss.
We conclude that, since it was unnecessary for the earlier panel to decide the validity vel non of the amendment to reach its decision on the motion to dismiss, its comments on the validity of the amendment to the judgment were dicta. This is especially so in view of its conclusion that “the only issue which may be considered on appeal is the validity of the order, obtained ex parte, to correct the description of realty in the original judgment.”
We now consider that issue with gratitude to both the majority and the dissenting member of the earlier panel for their thoughts.
Plaintiffs filed suit in the 26th Judicial District Court, Bossier Parish, to have a September 10, 1970 contract with the defendants declared to be a contract of sale; to require defendants to execute a deed in recordable form evidencing the sale of the property resulting from the contract; and claiming damages on account of an oil and gas lease to Discus Oil Corporation alleged to have been wrongfully executed by the defendants in 1980. Named as defendants were Clifford Shipp and Buddy Thomas, the then deceased husband and father of the other defendants.
The description of the property contained in the original petition is as follows:
“The Southeast Quarter of the Northeast Quarter of the Northwest Quarter (SE/4 of NE/4 of NW/4) of Section 22, Township 23 North, Range 13 West, lying West of the center line of Wise Road, LESS AND EXCEPT a one acre tract of land in the form of a square in the Southeast corner of the Southeast Quarter of the Northeast Quarter of the Northwest Quarter (SE/c of SE/4 of NE/4 of NW/4) (hereinafter referred to as the ‘Property’)”
That this is the property in controversy is not questioned at any time.
A copy of the oil and gas lease executed by defendants to Discus Oil is filed in connection with defendant Shipp’s deposition taken for purposes of discovery as Exhibit P-1. It describes the identical 8.5 acres of land in the same manner except to name the parties owning the “excepted” portions of the 10 acre tract.
In defendant Shipp’s deposition he admitted that he and Buddy Thomas had never owned any other tract of land together than the one involved in the contract with plaintiffs; that it was acquired by them from a Nathaniel Kraft before 1970; and is the same property covered by the oil and gas lease he and Buddy Thomas’ widow and heirs executed in 1980 in favor of Discus Oil Corporation.
Following this deposition counsel for plaintiffs filed a petition seeking a partial summary judgment to have the 1970 contract sued upon declared a contract of sale of the 8.5 acres described again in this petition and also to require defendants to execute a deed in recordable form evidencing the sale of this property which resulted from said 1970 contract.
Judge Cecil P. Campbell, the trial court judge to whom this summary judgment matter was presented, rendered an opinion in favor of the plaintiffs and signed a judgment granting the relief sought on April 8, 1983.
In that judgment there appears an error in the description in that the range number is given as “12” rather than “13”.
By ex parte motion to amend that judgment, plaintiff’s counsel pointed out the error and requested that the court amend it under authority of Article 1951 of the Louisiana Code of Civil Procedure as a clerical error.
On June 28, 1983, Judge Campbell signed an order in accordance with the motion, changing the range number contained in *812 the description in the summary judgment to correctly reflect Range 13 West.
It is from this amended partial summary judgment rendered June 28, 1983, that plaintiffs appealed devolutively on September 7, 1983.
We find that the trial court judge was correct in amending the judgment to correct the clerical error under authority of LSA-C.C.P. Article 1951, which reads as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation. Had this been the first or only the second
time this property had been described in the record and had there been a serious dispute as to what property had been covered by the original 1970 agreement, there would be some justification in requiring that defendants be heard via a contradictory motion before the error in the range number could be corrected.
There is not one scintilla of evidence as to controversy over the correctness of the description in the present case.
Counsel for appellants was quick to espouse in his brief the reference made earlier by the majority in its ruling on the motion to dismiss the appeal to the Official Revision Comments under C.C.P. Art. 1951(e) which we now quote in pertinent part:
(e) ... A contradictory motion is required, however, to amend judgments giving incorrect description of realty. Jackson v. Brewster, 169 So. 166 (La. App.1936); cf Succession of Corrigan, 42 La.Ann. 65, 7 So. 74 (1890)....
We find that neither case cited by the redactors of this code in support of the above quoted statement make any such holding.
Jackson v. Brewster, supra, involved a partition suit wherein, after the partition by licitation was ordered by default judgment and the sale had been held, it was discovered that the petition, not the judgment, contained an error in the description of the real property sought to be partitioned. The section number was erroneously given as “37” instead of Section 34 in the petition. The purchaser filed suit to correct that error and was successful. No error of description was contained in the judgment. To the contrary, and we quote from the Jackson opinion at page 167 as follows:
“It was properly described, however, in all other proceedings in that suit, including the judgment, the commission to sell, the advertisement, and the sheriffs proces verbal.” (emphasis added)
Nor does the Succession of Corrigan, supra, support the quoted Official Revision Comment. This was a 1890 partition suit wherein Thomas Ryan was called “Stephen” Ryan. There was absolutely no mention of an error in description of immovable property in the judgment,
We find no support for the Revision Comment in either of these cases and only examine them at length in an effort to determine why the comment was inserted.
Having found no reason for it, and having much earlier concluded that the trial judge in the present case was entirely correct in amending his judgment to correct the clerical or typographical error in the range number of the description, we affirm the amended judgment of June 28, 1983. Costs of appeal are assessed to the appellant.