558 So.2d 1269 (1990)
Norbert J. HURST, et al.
v.
Evelyn Vallet RICARD, et al.
No. CA 88 1940.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
Writ Denied April 20, 1990.
*1270 Sam D'Amico, D'Amico, Curet & Dampf, Baton Rouge and Thomas A. Nelson, New Roads, for plaintiffs-appellants.
John Wayne Jewell, New Roads, for defendants-appellees.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
This is an action to amend a final judgment pursuant to La.C.C.P. art. 1951. These proceedings initially commenced with a boundary action by Norbert J. Hurst and his co-owners (Hurst Group) against Evelyn Vallet Ricard and her co-owners (Ricard Group). At issue at the trial of the boundary action was whether the side lines of the contiguous properties were parallel or converged to the rear. The trial court held the side lines converged to the rear and fixed the common boundary between the Hurst Group and the Ricard Group as "that same line between points `X' and `Y' as shown on that certain map or plat of survey by John K. Laws, Jr.," which "boundary line is 7,801.07 feet in length along a straight line bearing North 47 degrees 20'51" west." The Hurst Group appealed. This court reversed and rendered, holding that the side lines should be parallel and the common boundary should be fixed according to the survey of the Hurst Group's surveyor, Wallace Hargrove. Hurst v. Ricard, 498 So.2d 258 (La.App. 1st Cir.1986). The Ricard Group applied for a writ to the Louisiana Supreme Court and it was granted. Hurst v. Ricard, 501 So.2d 220 (La.1987). On original hearing, the Louisiana Supreme Court affirmed the judgment of this court. Hurst v. Ricard, 506 So.2d 1202 (La.1987). However, a rehearing was granted and the Louisiana Supreme Court ultimately held that the boundary lines converged to the rear, and the trial court judgment was correct. Hurst v. Ricard, 514 So.2d 14 (La.1987).
The Ricard Group then filed a rule to amend the reinstated trial court judgment to show that the correct bearing of the boundary line between the parties was North 42° 20'51" West instead of North 47° 20'51" West. The Ricard Group asserted that a draftsman's error caused the boundary to be erroneously put on the boundary map as North 47° 20'51" West instead of North 42° 20'51" West, and that an amended survey plat should be substituted in these proceedings and attached to the judgment. The Ricard Group cumulated a rule to tax costs with the rule to amend the judgment. The Hurst Group answered the rule and filed a peremptory exception raising the objection of res judicata. In the exception the Hurst Group contended the judgment fixing the boundary was definitive, the error sought to be corrected was substantive, and the judgment could not be changed. After a hearing, the trial court rendered judgment which: (1) overruled the exception, (2) amended the judgment to reflect that the boundary between the parties had a bearing of North 42° 20'51" West, (3) assessed all costs of fixing the boundary equally between the parties, and (4) cast the Ricard Group for all costs of the rule to amend the judgment. The Hurst Group took this suspensive appeal. The Ricard Group answered the appeal seeking damages for a frivolous appeal.

FACTS
The only witness to testify at the trial court hearing on the motion to amend the judgment was John K. Laws, Jr., the Ricard's surveyor. The Hurst property is bounded on the north by the section line between Sections 49 and 50, Township 5 South, Range 11 East (section line), on the east or back by the boundary line between the Parishes of West Baton Rouge and Pointe Coupee (parish line) and on the south by the Ricard property. Louisiana *1271 Highway 416 (highway) runs across the front or west portions of the Hurst and Ricard properties. Laws' survey determined that there was an old bent blade in the ground to mark the intersection of the section line and the highway right-of-way at the northwest corner of the Hurst property, and there was a 4 inch square concrete monument in the ground to mark the intersection of the section line and the parish line at the northeast corner of the Hurst property. At the hearing, the old bent blade was denominated point A and the concrete monument was marked point B. The line A-B was the northern boundary of the Hurst property (and the section 49-50 dividing line).
Laws testified that he determined that the boundary between the Hurst and Ricard properties on the west was located at a distance of 238.97' along the highway south of point A. He denominated this location as point X on his survey map. He also determined that the boundary between the Hurst and Ricard properties on the east was located at a distance of 164.09' along the parish line south of point B. He denominated this location as point Y on his map. By this method he established the line between points X and Y as the common boundary between the Hurst and Ricard properties.
Laws testified that the line between points X and Y was 7801.07' long and had an actual bearing of N 42° 20'51" W from Y to X (or S 42° 20'51" E from X to Y). The computer printout which reflected these computations was filed in evidence.
Laws testified that Jerome Lowman was the draftsman who prepared the survey map under his supervision. When Lowman transposed the data from the field notes and computer printout to the map, he made an error in the bearing for the X-Y line and put N 47° 20'51" W instead of N 42° 20'51" W. Laws stated that this error did not change the actual physical locations of points X and Y or the actual physical location of the line between them; those physical locations remained the same. The bearing of the line is determined by the actual physical locations of points X and Y; the bearing of the line does not control the location of the points. Laws testified that the map remains the same with only an erroneous bearing being corrected.
The trial court accepted the testimony of Laws and rendered judgment in favor of the Ricard Group with the following rationale:
Gentlemen, the judgment of this Court on May 21st, 1985, which has been affirmed by theby the State Supreme Court fixed and established the boundary as that line between points "X" and "Y" as shown on that certain map or plat or survey by John K. Laws, Jr. dated November 12, 1984. Now, in further description of that line, the distance and a bearing of north forty-seven (47) degrees, twenty (20) minutes, fifty-one (51) seconds west, is listed. The only error that was made is that where thewhere there is a seven in the bearing there should be a two.
Now, if we were to allow this to stand and say that the bearing is what governs then the Court would not have found the line to be between "X" and "Y", which is what the Court actually did in that judgment. This is purely an errora mistake that some employee made. It was not caught in time. It went into the record and nobody noticed it until after the case had been through the whole appellate process. The only reasonable and common sense interpretation of the judgment is that the line between "X" and "Y" is the line between the parties. And the bearing is simplyforty-seven (47) instead of forty-two (42) is simply a clerical error that should be corrected. It's an error in phraseology on the judgment. It doesn't change the substance because the substance of the judgment is that the line is between "X" and "Y" on that map.
We have a corrected map showing a green line and a red line, either of which wouldone of which would reduce the *1272 Hurst property to a small triangle and theon the front and the other line would make the Ricard property a small triangle that doesn't even have any frontage and neither one of those lines would havewould be a line between "X" and "Y".

AMENDMENT OF JUDGMENT

(Assignments of error 2 and 3)
The Hurst Group contends the trial court erred by "permitting the introduction of evidence to show a change in the bearing on the map" and by "ordering the wording of the original judgment changed to show a difference in the bearing of the boundary line between the properties."
La.C.C.P. art. 1951 provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation. (Emphasis added)
Article 1951 must be construed in pari materia with La.C.C.P. arts. 1919 and 2089 which require that all judgments and decrees which affect title to immovable property shall describe the immovable property affected with particularity. La.C.C. art. 13. The purpose of Articles 1919 and 2089 is to insure that the public in general, and title examiners, successful litigants, officials charged with executions of judgments and surveyors in particular, can accurately deal with the immovable property. Brasseaux v. Reaux, 394 So.2d 688 (La.App. 3rd Cir.1981); Copellar v. Yount, 344 So.2d 1114 (La.App. 3rd Cir.1977); Tracy v. Dufrene, 146 So.2d 678 (La.App. 4th Cir.1962). A nonsubstantive alteration of a judgment is one which neither takes anything away from, nor adds anything to, the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Lovell v. Lovell, 545 So.2d 1314 (La.App. 1st Cir.1989). Conversely, Article 1951 does not apply to substantive amendments to judgments; such amendments can only be made by a timely application for a new trial, La.C.C.P. art. 1971 et seq., an action for nullity, La.C.C.P. art. 2001 et seq., or a timely appeal, La.C. C.P. art. 2081 et seq. Hebert v. Hebert, 351 So.2d 1199 (La.1977); Daughdrill v. Tenneco Oil, 529 So.2d 104 (La.App. 4th Cir. 1988).
The threshold issue in this case is a determination of whether the error to be corrected is substantive or nonsubstantive. After reviewing the testimony of Laws, which was accepted by the trial court, we conclude that the error is nonsubstantive. The trial court judgment in question fixes the common boundary between the parties as the line connecting points X and Y. Point X is physically located on the ground (and on the survey map) by measuring 238.97' along the highway in a southerly direction from point A (which is located by an old bent blade at the intersection of the highway and the section line). The amendment does not substantively affect point X. Point Y is physically located on the ground (and on the map) by measuring 164.09' along the parish line in a southerly direction from point B (which is located by a 4 inch square concrete monument at the intersection of the parish line and the section line). The amendment does not substantively affect point Y. It must inexorably follow that if points X and Y are not substantively affected by the amendment, the line connecting them is not substantively affected. Very simply, the correction of the erroneous bearing of line X-Y does not change its actual bearing (on the ground or on the map). According to Laws' testimony, the length of the X-Y line of 7801.07' remains the same and the acreage in the Hurst tract remains the same. Finally, if this erroneous bearing is not corrected, persons relying on the public records could be misled about what is the proper description of the property. Thus, we conclude the trial court correctly applied Article 1951 to this case. Cf. Caldwell v. Shipp, 448 So.2d 810 (La.App. 2nd Cir.1984).
*1273 The trial court properly exercised (did not abuse) its discretion in ordering an evidentiary hearing in this case. Official Revision Comment (e)[1] for La.C.C.P. art. 1951 provides as follows:
(e) The above article follows Fed.Rule 60(a) in providing for notice at the discretion of the court. Art. 547 of the 1870 Code does not contain a similar provision. However, it has been held that there is no error in correcting the name of a defendant, erroneously described, without citing him to show cause why the correction should not be made, where the error was of little or no importance.... A contradictory motion is required, however, to amend judgments giving incorrect description of realty.... Art. 1919, supra, requires that judgments affecting title to immovable property shall describe with particularity the property affected.
(Emphasis added) (Citations omitted)
The evidentiary hearing was necessary herein to show what the error was and to demonstrate that its correction did not affect the substantive rights of the parties.
These assignments of error are without merit.

OBJECTION OF RES JUDICATA

(Assignment of error 1)
The Hurst Group contends the trial court erred by overruling their peremptory exception raising the objection of res judicata.
The doctrine of res judicata conclusively presumes the correctness of a definitive judgment and precludes the relitigation of the judgment. La.R.S. 15:433; Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981). Pursuant to La.C.C.P. art. 1842, a final judgment is definitive when it has acquired the authority of the thing adjudged. A thing adjudged is defined in La.C.C. art. 3556(31) as follows:
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal. (Emphasis added.)
Relitigation of the object of a definitive judgment is barred by the doctrine of res judicata when: (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; (3) the demand is between the same parties and is formed by them against each other in the same quality. La.R.S. 13:4231. The objection of res judicata raises the issue procedurally in a peremptory exception. La.C.C.P. art. 927(2). See Cantrell v. BASF Wyandotte Corporation, 489 So.2d 1062 (La.App. 1st Cir.1986).
If the proposed modification of a judgment is nonsubstantive, it may be amended pursuant to La.C.C.P. art. 1951. If the modification is substantive, it can be made only by a timely application for a new trial, an action for nullity or a timely appeal.[2] The judgment being corrected herein is definitive. Because we hold that the modification of the judgment sought is nonsubstantive, we must determine whether Article 1951 can be used to correct a definitive judgment.[3] Article 1951 provides that it can be used to amend a final judgment at any time. This language is clear and unambiguous and means precisely what it says. Accordingly, we hold that Article *1274 1951 can be used to modify a definitive judgment and that res judicata is not applicable.[4]
This assignment of error is without merit.

FRIVOLOUS APPEAL
The Ricard Group has answered the appeal seeking damages for frivolous appeal pursuant to La.C.C.P. art. 2164.
The law applicable to this issue is set forth in Fisk v. Mathews, 525 So.2d 223, 227 (La.App. 1st Cir.1988), as follows:
In their answer to defendant's appeal, plaintiffs seek attorney's fees as damages for a frivolous appeal pursuant to La.Code Civ.P. art. 2164. Since it is penal in nature, this provision must be strictly construed. American Supply Co. v. Tara Alyene, Inc., 470 So.2d 459 (La.App. 1st Cir.1985). Further, appeals are favored and penalties for frivolous appeal will not be imposed unless they are clearly due. Id. Even when an appeal lacks serious merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant's counsel is not serious in the position he advocates. Id.

While the argument of the Hurst Group concerning the amendment of the judgment is without merit, we cannot say that it is frivolous or for the purpose of delay. Counsel for the Hurst Group was serious in the position he advocated.
This claim is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The Hurst Group is cast for the cost of this appeal.
AFFIRMED.
NOTES
[1] The statement in this revision comment that a contradictory motion is required whenever an inaccurate description of realty is corrected may be overbroad. See Caldwell v. Shipp, 448 So.2d at 811-812.
[2] Obviously, if the procedural devices of new trial or appeal are being used to modify the judgment, the judgment is not definitive, and res judicata is not applicable.
[3] If the proposed modification was substantive and the judgment was definitive, only an action for nullity would be applicable. See, for example, Miller v. Miller, 480 So.2d 789 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1337 (La.1986).
[4] Similarly, the objection of res judicata would not bar a suit for nullity of judgment. Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3rd Cir.1982).