### *MARMICHE* vs. *COMMAGERE &* AL.

APPEAL from the parish court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff states he sold a quantity of coffee to the defendants, for which he took their note; that before its maturity they stopped payment, and the coffee is in the hands of Ducayet & Domingon, in whose stores the defendants placed it, to be sold at auction, for their, the defendant's account; the coffee was sequestered and bonded by Ducayet & Domingon, who intervened, claiming the coffee as their own, alleging that they had bought, and *bona fide* paid for it.

There was a verdict and judgment for the plaintiff, and the intervening party appealed.

His counsel has drawn our attention to a bill of exceptions taken by him to the opinion

An intervening party has not the right of opening. A bankrupt's books are evidence of fraud as against himself.

Eastern Dist
*April*, 1828.

MARMICHE
*vs.*
COMMAGE-
RE & AL.

of the parish judge, who denied him the right of opening the case, which was claimed under the *Code of Practice, art.* 389, 393, on the ground that the intervening party is, in the 392d article, declared to be a plaintiff.

It does not appear to us that the parish court erred. It is not uncommon that there should be more than one party plaintiff in a case. In some *all* are plaintiffs and defendants, as in the case of an opposition to a tableau of distribution. All, then, cannot open the case, and the opening belongs to him who is emphatically the plaintiff, *i. e.* he who instituted the suit.

A receipt of the insolvents for the price of the coffee having been read in evidence, notwithstanding the objection of the plaintiff, he, the better to disprove the contents of the receipt, offered the books of the insolvents, the introduction of which was objected to by the intervening party, and the plaintiff offered to admit in evidence the books of the intervening party. The court admitted the insolvents' books in evidence, and the counsel for the intervening party took a bill of exceptions.

We think the judge *a quo* did not err. The fairness of the purchase by the intervening party was at issue: it could not be fraudulent in

the vendee, unless it was in the vendor. Fraud Eastern Dist.
*April*, 1828. in the latter was therefore to be proven; and for this purpose his books were evidence, al- though they could afford no legal proof of fraud in the vendee.

MARMICHE
*vs.*
COMMAGERE
& AL.

On the merits we think the verdict ought not to be annulled.

It is therefore ordered, adjudged and de- creed, that the judgment of the parish court be affirmed with costs.

*Canon* for the plaintiff, *Seghers* for the de- fendant.