WATKINS, Judge.
This is a boundary action brought by Norbert J. Hurst and his co-owners in indi-visión against Evelyn Vallet Ricard and her co-owners in indivisión to fix the boundary between two tracts of land on the lower Chenal of False River, Pointe Coupee Parish, Louisiana.
The basic issue is whether the side bounds of two contiguous tracts of land on the concave side of a curve in what was a navigable stream should be parallel or converging when the property description of the property first sold from a common ancestor in title fails to state which is the case. The trial court held the side bounds should be converging. We hold that the bounds of the tract first sold should be parallel.
Gatien Decuir sold first[1] to plaintiffs’ ancestor in title a tract fronting on the lower Chenal of False River by depth of 50 arpents, 40 arpents of which lay behind the main road, this act of sale not stating whether the side lines closed, diverged, ,or were parallel. This tract we refer to as the Hurst tract.
*259 Later Gatien Decuir sold[2] to defendants’ ancestor in title a tract fronting on the lower Chenal of False River by depth of 40 arpents. This tract we refer to as the Ricard tract.
The two tracts are contiguous. Neither property description gave the rear dimensions, although the Ricard sale stated the land closed to the rear “according to title”. However, the Ricard tract would close to the rear regardless of whether the Hurst tract were bounded by parallel or converging lines, as the Ricard tract, being the later concession, would take less, as the following discussion demonstrates.
After having thoroughly examined the law on the question, we have concluded that a line of decisions of the Louisiana Supreme Court, the most recent of which is dated 1911, controls.
The line of cases originates in the following language found in the decision of Justice Porter in Bourguignon v. Boudousquie, 6 Mart. (N.S.) 697 (1828), which formed the basis of the court’s ultimate decision in that case:
It is a well-settled principle of law that when a man sells so many arpents of land on a water course, with the ordinary depth of forty, he is understood to convey the superficial quantity which results from multiplying the depth by the front, or, in other words, that the side lines must be run at right angles from the front, unless the lines are stated to close, or open, or other expressions used, by which the legal intendment of the terms so much front and depth is controlled.
It is equally clear and well settled that if the owner of a tract of land sells it out by separate portions at different times, and there is not enough for all the purchasers, that he who has first acquired gets the whole quantity he has bought; and the second, or other buyer, only takes what remains, after satisfying the prior sales. Louisiana Code, 843.
6 Mart. (N.S.) 697, 700.
The Bourguignon decision was quoted with favor in Ramos Lumber & Mfg. Co. v. Sanders, 117 La. 615, 42 So. 158 (1906), which stated the side lines of a tract fronting on a bend in a stream should form, together with the front and rear lines, a parallelogram. Ramos was cited with favor in Bergeron v. Daspit, 119 La. 9, 43 So. 894 (1907), on rehearing, (decided after remand sub nom., Minor v. Daspit, 128 La. 33, 54 So. 413 (1911)), which indicated that the bounds of a tract of land situated in a bend in a stream would form a parallelogram unless the title provided otherwise.
Thus, applying Bourguignon, which is well reasoned, and its progeny, we must conclude that the side bounds of the Hurst tract must be parallel, and that the Ricard tract must bear whatever loss to the rear of the Ricard tract is suffered as a result of our determination of the boundary of the Hurst tract. We note the record reveals that the boundaries of other tracts on the Chenal converge to the rear. However, Bourguignon in its language clearly requires parallel bounds only if the act of sale does not state otherwise. The titles of the lands stated to have converging bounds were not introduced. Also, usage controls only where the law is silent. LSA-C.C. art. 21.
As we appreciate the case, the boundary fixed by Wallace Hargrave, Civil Engineer, conforms to our determination of the boundary in dispute. This boundary is fixed on a plat of survey designated as “MAP SHOWING THE SURVEY OF A 41.94 ACRE TRACT KNOWN AS THE LEONIE FRANKLIN RODNEY PROPERTY LOCATED IN SECTION 49, T-5-S, R-ll-E, POINTE COUPEE PARISH LA. *260 FOR NORBERT HURST”, dated June 26, 1983, prepared by Wallace J. Hargrave, C.E., introduced in evidence as exhibit Plaintiff-3 as having a bearing of S 41° 00' 07" E. The plat also depicts an old fence. Although both sides attempted to place some reliance on the old fence, neither side pled prescription in the case as submitted, and the fence is therefore without legal significance.
The trial court assessed costs, including the cost of surveyors, to both sides. The boundary had never been fixed. Thus, we find it appropriate to affirm the trial court in its taxing of the expenses of surveyors as costs, and taxing costs equally, although a court surveyor was never appointed.
The judgment of the trial court is reversed, and the Northeast boundary of the Hurst tract is established as originating at Louisiana Highway No. 416 and extending S 41° 00' 07" E to the West Baton Rouge Parish Line, all costs including the costs of surveyors, to be borne equally by the parties.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. By Act of Sale from Gatien Decuir to Leonce Decuir dated March 11, 1882, the following described tract was sold:
A certain tract of land situated on the lower Chenal of False River in the parish of Pointe Coupee, fronting one arpent and a quarter of an arpent front on the lower chenal of False River by a depth of fifty arpents more or less, forty of which are back of the main road, bounded below by land formerly belonging to Jack Moses and Alexander Thomas, and above by land formerly belonging to Gatien Decuir, with all of the buildings and improvements thereon.

. By Act of Sale from Gatien Decuir to Alma Decuir, wife of Alcide Ricard, and to Ervin Decuir, a minor, the Act of Sale being dated January 10, 1888, the following described tract was sold:
A certain tract of land situated in the Parish of Pointe Coupee having one acre front on False River by a depth of Forty arpents with lines closing towards the rear according to title, including the Batture in front of said tract with the improvements thereon, bounded by land of Leonce Decuir and of Rosalie Patin.