GOTHARD, Judge.
This is an appeal, by the husband, of certain provisions in the judgment of partition of community property. Because we are without jurisdiction to hear this appeal, we dismiss the matter.
Appellant, Alvin Ringo, filed a petition for separation on October 23, 1985. On March 20, 1986 a judgment of separation was rendered. A petition for divorce was filed by appellant on December 2, 1986. A motion for preliminary default was signed on January 14, 1987 and confirmed on January 28, 1987. Appellee, Marion Ringo, filed a petition for partition of community property on January 12, 1990. On May 17, 1990 a supplemental joint stipulation of facts, memoranda of counsel and the deposition of Mr. Ringo were submitted to the trial court for the rendering of judgment. The matter was taken under advisement. On February 12, 1992 the trial court rendered a four page judgment partitioning the community of acquets and gains, including the items specifically discussed in this appeal. Attached to that judgment is a two page document entitled “Appendix A To Judgment Of Partitioning” in which values of community assets and liabilities were set out and reimbursements of the parties were calculated. Notification of the judgment was mailed on February 13, 1992. There was no motion for new trial filed and no appeal was taken on that judgment. Subsequently, on May 6, 1992 the wife filed a “Motion And Order To Amend Appendix A To Judgment of Partitioning” which states in part as follows:
*1008 Appendix A to the Judgment Of Partitioning rendered herein on February 12, 1992 recited the following titles and numerical amounts:
“ADJUSTMENTS FOR REIMBURSEMENTS (SEE BELOW) 5,872.51 5.872.51
6,792.05 8.172.51
Compensating Payment From Wife To Husband 690.23 693.23
7,482.28 7,482.28”
AND ON FURTHER SUGGESTING TO THE COURT, that, through inadvertence, some of the above amounts and the verbage in the last title were incorrectly stated and, therefore, mover desires that the Appendix A To Judgment Of Partitioning be amended as follows:
“ADJUSTMENTS FOR REIMBURSEMENTS (SEE BELOW) (12,127.49) 12,127.49
24,792.05 9,827.49
Compensating Payment From Wife To Husband (17,309.77) 17,309.77
7,482.28 7,482.28”
The motion was granted ex-parte on May 8, 1992. The husband filed this appeal on June 16, 1992 assigning three errors in the judgment of partition.
LSA-C.C.P. art. 2087 provides in part, that a devolutive appeal must be taken within sixty days of “the expiration of the delay for applying for a new trial, as provided by Article 1974, if no' application has been filed timely.” LSA-C.C.P. art. 1974 provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Here, the judgment was rendered February 12, 1992. Notice of judgment was mailed on February 13, 1992. Therefore, the delay for filing a motion for new trial expired on February 25, 1992. Consequently, the delay for filing an appeal of the February 12, 1992 judgment expired sixty days from February 25, 1992 or April 27, 1992. The judgment became final and unappealable at that time.
LSA-C.C.P. art. 2121 provides in pertinent part as follows:
An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
Without the essential element of a timely order of appeal from the court which rendered the judgment, the jurisdiction of the appellate court does not attach. LSA-C.C.P. art. 2088.
In his motion for appeal, appellant requests review of the judgment rendered on May 8, 1992, on the “Motion And Order To Amend Appendix A To Judgment Of Partitioning.” However, in brief to this court he assigns error only to the February 12, 1992 judgment. As previously stated, the motion to amend alleges that, through inadvertence, some of the amounts and verbiage in one part of the appendix were incorrectly stated and should be amended. However, there is no motion to amend the judgment itself.
We know of no provision for amending only an appendix to a judgment after it has become final. Even if we consider this motion as one to amend the actual judg *1009 ment, it is of no consequence. LSA-C.C.P. art. 1951 provides that a final judgment may be amended to change phraseology, or to correct errors of calculation, but not to change the substance of the judgment. LSA-C.C.P. art. 1951. A final judgment is not subject to a substantive amendment on the motion of the trial court or either of the parties. The proper remedy is a timely application for new trial or a timely appeal. Gulfco Inv. Group, Inc. v. Jones, 577 So.2d 775 at 777 (La.App. 2 Cir.1991).
Without commenting on the nature of the change to the appendix, we note that a non-substantive amendment to a judgment does not effect the delays for appealing the original judgment. Caldwell v. Shipp, 441 So.2d 808 (La.App. 2 Cir.1983). The original judgment became final and definitive before the motion to amend the appendix was filed. Thus the only appealable issue is the validity of the amendment. That issue is not addressed by appellant. Because appellant complains only of errors of the original judgment, this court is without jurisdiction to hear the appeal. Consequently, the appeal is dismissed at appellant’s cost.
DISMISSED.