**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1246

HOOD PARTNERS, L.L.C.

VERSUS

DAVID D. DAVIDGE, JR. AND SHERRY ANITA DAVIDGE BURKE

Judgment Rendered: __JUN 2 9 2021__

* * * * * * *

APPEALED FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF TANGIPAHOA
STATE OF LOUISIANA
DOCKET NUMBER 2018-0000794

HONORABLE JEFFREY S. JOHNSON, JUDGE

* * * * * * *

Frank J. DiVittorio
Hammond, Louisiana

Attorney for Plaintiff/Appellant
Hood Partners, L.L.C.

J. Mark Rolling
Hammond, Louisiana

Attorney for Defendants/Appellees
David D. Davidge, Jr. and Sherry
Anita Davidge Burke

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

Penzato, J, concurs with reasons

**McDonald, J.**

In this case, the plaintiff filed a suit asking for a declaratory judgment decreeing that a provision restricting multi-family dwellings from being built on its property, contained in a previous conveyance, be declared unenforceable, against public policy, and prescribed. After the first appeal was dismissed for lack of subject matter jurisdiction, the trial court rendered a second judgment, dismissing the suit. After review, we find that the judgment is ambiguous rather than definitive, and we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Hood Partners, L.L.C., filed a suit for declaratory judgment on March 9, 2018, naming as defendants David D. Davidge, Jr. and Sherry Anita Davidge Burke. Hood Partners maintained that it purchased a 4.524 acre tract of land in Hammond, Louisiana, on August 31, 2017, from Northlake Partnership. Northlake Partnership purchased the land from the defendants and Rumsie M. Davidge[1] on December 8, 1983 (the Davidge conveyance). The Davidge conveyance contains the following provision:

> Purchasers agree that no multi-family dwellings shall be constructed upon the above-described property. This restriction shall apply to Vendees, their heirs, successors or assigns and shall not be considered a personal obligation but shall be in rem and shall run with the land.

Hood Partners averred that the defendants maintained that this provision created a real right, intended to run with the land and enforceable upon successive purchasers. However, Hood Partners maintained that the obligation could only be a personal obligation between the parties to the Davidge conveyance. Hood Partners asked for a judgment in its favor, and against the defendants, declaring

---

[1] Rumsie M. Davidge is now deceased.

2

that the restriction was unenforceable against it and any successor owners, was against public policy, and was prescribed.

The defendants answered the petition and asked for judgment in their favor, and against Hood Partners, dismissing the suit. The trial court rendered judgment on June 11, 2019, denying the petition for declaratory judgment. However, the judgment did not dismiss the suit.

On appeal, this court determined that "[t]here is actually nothing in the petition or the evidence submitted at trial suggesting that Hood [Partners] or any other party has or ever will seek to construct multi-family dwellings on the parcel of land at issue." This court dismissed the appeal for want of subject matter jurisdiction, finding the judgment was not appealable and no justiciable controversy existed, as the judgment was based on an uncertain contingency. **Hood Partners, L.L.C. v. Davidge**, 2019-1150 (La. App. 1 Cir. 5/11/20), 303 So.3d 349, 351-352.

Thereafter, on September 28, 2020, the parties submitted a joint pre-trial order to the trial court, setting forth established facts in the case. The order states that Hood Partners had asked the defendants to sign an Act of Release acknowledging that the restriction was not binding on Hood Partners or any successor owners of the property "in order to remove any potential clouds on the title that could inhibit future purchasers" and that defendants had refused. Further, the order states that the tract was listed for sale, but that Hood Partners "is having to make potential purchasers interested in developing multi-family housing [aware] of [the] uncertainty regarding their rights." Additionally, the order states that the existence of the restriction in the land records was "suggestive of litigation as to anyone that would want to purchase the [property] for multifamily development."

3

The trial court rendered a second judgment on October 5, 2020. The second judgment provides:

> This matter was submitted by the parties on briefs.
>
> Considering the Joint Motion to Set Matter for Trial with Stipulated Procedure and Pretrial Order, Joint Supplemental Pretrial Order, and Decision of the First Circuit Court of Appeal, the Court adopts and maintains its previously issued Reasons for Judgment and rules as follows:
>
> IT IS HEREBY ORDERED ADJUDGED AND [DECREED] that the parties are entitled to a declaratory judgment in this matter to settle the uncertainty and insecurity of the rights between them as to the use of the 4.524 Acre Tract owned by [Hood Partners], specifically whether the Defendants can be prevented from building multi-family housing on the property, this is a substantial dispute between the parties who have real adverse interest[s] in this issue, upon which a judgment of this Court may effectively operate through a decree.
>
> IT IS FURTHER HEREBY ORDERED ADJUDGED AND DECREED that the petition of plaintiff Hood Partners, LLC is dismissed.

Hood Partners appealed the second judgment.

## THE PRESENT APPEAL

A valid judgment must be precise, definite, and certain. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. Further, we note that a judgment which affects title to immovable property shall describe the immovable property affected with particularity. La. C.C.P. art. 1919. The purpose of Article 1919 is to ensure that the public in general, and title examiners, successful litigants, officials charged with executions of judgments and surveyors in particular, can accurately deal with the immovable property. **Hurst v. Ricard**, 558 So.2d 1269, 1272 (La. App. 1 Cir.),

4

writ denied, 559 So.2d 1378 (La. 1990).

The reasons for judgment indicate that the trial court found that the Davidge conveyance created a valid predial servitude. However, the judgment itself does not declare whether the predial servitude is valid, and it gives no cause for the dismissal. The trial court's reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. **Wooley v. Lucksinger**, 2009-0571 (La. 4/1/11), 61 So.3d 507, 572. We have nothing to review because the judgment does not state the grounds for the dismissal, and while the judgment states that the parties are entitled to a declaratory judgment, the judgment does not make a declaration. Thus, the judgment is ambiguous rather than precise, definitive, and certain. See **Advanced Leveling**, 268 So.3d at 1046.

For the foregoing reasons, the appeal is dismissed. Costs of this appeal are assessed against Hood Partners, L.L.C.

**APPEAL DISMISSED.**

5

HOOD PARTNERS, LLC

VERSUS

DAVID D. DAVIDGE, JR. AND SHERRY ANITA DAVIDGE BURKE

**PENZATO, J., concurring.**

I respectfully concur with the majority opinion dismissing the appeal. Louisiana Code of Civil Procedure article 1871 provides that in a declaratory judgment action the **declaration** shall have the force and effect of a final judgment. The judgment at issue specifically states that "the parties are entitled to a declaratory judgment in this matter to settle the uncertainty and insecurity of the rights between them as to the use of the 4.524 Acre Tract ...." Yet, the judgment issues no declaration. Rather, the judgment dismisses the petition of Hood Partners, LLC. Based on this internal inconsistency, I find the judgment to be uncertain. *See Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046. Therefore, I concur with the result reached by the majority.

1